UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON MEYER,

                Plaintiff,                Case No. 14-cv-13117
                                                  Hon. Victoria A. Roberts

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. # 21) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 19) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. # 14)**

Tyson Meyer ("Meyer") lost his appeal of a final determination by the Commissioner of Social Security ("Commissioner"), who denied Meyer's application for Supplemental Security Income and Disability Insurance Benefits. This matter is now before the Court on the parties' cross-motions for summary judgment, which the Court referred to Magistrate Judge R. Steven Whalen.

On June 9, 2015, Magistrate Judge Whalen filed a Report and Recommendation (R&R) recommending that the Court grant the Commissioner's Motion for Summary Judgment, and deny Meyer's Motion for Summary Judgment. (Doc. # 21).

Magistrate Judge Whalen found that the Administrative Law Judge ("ALJ"): (1) supported his proposition that Meyer did not require use of a wheelchair by substantial evidence; (2) properly rejected Meyer's treating physicians' opinions because of their lack of access to Michigan Department of Correction's ("MDOC") medical records,

which appeared to contradict some of Meyer's claims, and the treating physicians' own diagnoses; (3) properly discounted the MDOC physicians' observations because observations were not "medical opinions," and thus the treating physician rule did not apply. Moreover, Magistrate Judge Whalen noted the MDOC's medical records strongly undermined Meyer's disability claim; and (4) properly concluded Meyer's "physiologic opioid dependence, polypharmacy, sedative withdrawal syndrome, and suspected opiate induced hyperalgesia" were "severe" impairments.

Meyer objected to the R&R. He says the ALJ erred by discounting Meyer's treating physician's opinions and questioning his need for a wheelchair. The Commissioner asks the Court to adopt the Report and Recommendation.

A court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b) (1). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986)(citation omitted). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986).

The Court carefully reviewed the cross motions for summary judgment, the R&R, Meyer's objections, the Commissioner's response, and the remainder of the record. The Court agrees with Magistrate Judge Whalen's conclusions.

Magistrate Judge Whalen accurately laid out the facts and relevant portions of the administrative record; he engaged in a thorough analysis of the issues and provided

reasoned explanations for his conclusions. In reaching his conclusions, Magistrate Judge Whalen considered the entire record and applied the appropriate standard for review of an ALJ's decision. Substantial evidence supports the ALJ's decision, even if evidence in the record supports another outcome. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Accordingly, the Court **ADOPTS** Magistrate Judge Whalen's Report and Recommendation; **GRANTS** the Commissioner's Motion for Summary Judgment; and **DENIES** Meyer's Motion for Summary Judgment.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 10, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 10, 2015.

S/Carol A. Pinegar
Deputy Clerk

3